IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SAE PRODUCTIONS, INC.**
5614 Connecticut Avenue, N.W.
Suite 341
Washington, D.C. 20015-2601

    Plaintiff,                                                Civil Action No. _____

v.

**FEDERAL BUREAU OF
INVESTIGATION**
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff SAE Productions, Inc. ("SAE"), through undersigned counsel, hereby sues Defendant Federal Bureau of Investigation (the "FBI") for the disclosure of agency records that have been unlawfully withheld. In support thereof, SAE alleges as follows:

### INTRODUCTION

1. This is an action under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*

2. The original FOIA request at issue in this action was made on September 16, 2015. That request sought records of FBI investigative files related to the Holy Land Foundation for Relief and Development, five foundation officials, and their 2008 federal criminal prosecution on terrorism-related charges.

3. That request was significantly narrowed in September of 2018 to seek only FBI Form 302s and search warrant returns related to any investigations. At that time, the FBI

asserted such narrowing resulted in five hundred and ninety three (593) pages of responsive records for review and disclosure.

4. To date, the FBI has failed to produce a single page of responsive records. Over the course of approximately sixteen (16) months since the request was narrowed, the FBI has continually failed to meet multiple promised disclosure deadlines and continues to delay production of responsive records.

5. SAE has now been forced to bring this lawsuit to obtain disclosure.

## PARTIES

6. Founded in 1994, SAE is a production and research news organization that produces documentaries and news articles on matters relating to international terrorism. SAE is a Delaware corporation that maintains its offices within the District of Columbia. Its mailing address is 5614 Connecticut Avenue, N.W., Suite 341.

7. Steven Emerson is the President of SAE. He is an internationally recognized expert on terrorism and national security. Among other things, he is the author of the 2002 best-selling book, *American Jihad: The Terrorists Living Among Us*. Through SAE, he also produced the award-winning 1994 television documentary *Terrorists Among Us: Jihad in America*, which aired on public television and explored U.S.-based fundraising activities of terrorist organizations.

8. The FBI is a component of the U.S. Department of Justice, an executive-branch department, and an "agency" as defined at 5 U.S.C. § 552(f)(1). It is the custodian of the records at issue in this action and maintains possession and control over them. It is headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action and personal jurisdiction over the FBI pursuant to 5 U.S.C. § 552(a)(4)(B) and (a)(6)(C)(i), and 28 U.S.C. § 1331.

10. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

11. SAE is deemed to have exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) because the FBI has failed to comply with the statutorily mandated time limit to provide responsive records once a FOIA request has been made.

**FACTUAL ALLEGATIONS**

**The Original FOIA Request, Fee Payment, and Delay**

12. On September 16, 2015, Steven Emerson, on behalf of SAE, made the initial federal FOIA request to the FBI that is the subject of this lawsuit. It sought "copies of all records constituting the FBI's full investigative files related to the Holy Land Foundation for Relief and Development, including but not limited to those investigative records related to the HLF criminal prosecution" (the "Original Request"). A true and correct copy of the Original Request is attached as **Exhibit A**.

13. The Original Request was acknowledged by letter dated October 2, 2015 and assigned FOIPA Request No. 1337501-000. The same letter notes that SAE will be charged duplication fees in accordance with 5 U.S.C. § 552(a)(4)(A)(ii)(II). A true and correct copy of this letter is attached as **Exhibit B**.

14. That same day and by separate letter, the FBI stated it had located approximately 1.3 million pages of responsive records and quoted SAE $39,415 in duplication fees to provide those records on CD. That same letter also noted that the FBI had to date reviewed

approximately three thousand five hundred and eighty (3,580) pages of responsive records. A true and correct copy of this letter is attached as **Exhibit C**.[1]

15. On November 9, 2015 SAE appealed the FBI's denial of its request for a fee waiver in relation to the Original Request. On May 17, 2016 the U.S. Department of Justice's Office of Information Policy remanded the fee waiver request back to the FBI for further consideration. The FBI again denied the fee waiver request by letter dated August 26, 2016.

16. By separate also letter dated August 26, 2016, the FBI again asserted the $39,415 fee to provide the records and requested a $500 advanced payment from SAE. A true and correct copy of this letter is attached as **Exhibit D**.

17. On September 26, 2016 SAE made the $500.00 payment to the FBI. A true and correct copy of a payment receipt is attached as **Exhibit E** (redacted to remove payor and credit card information).

18. Over the coming months, SAE requested periodic updates from the FBI as to the status of the request.

19. SAE inquired as to the status of the request with the FBI on April 25, 2017. It was told at that time that the request was "currently waiting to be assigned to a processing analyst." A true and correct copy of that correspondence is attached as **Exhibit F**.

---

[1] That same letter also noted that the FBI had to date reviewed approximately three thousand five hundred and eighty (3,580) pages of responsive records. This representation was made again by letter dated August 26, 2016. See **Exhibit D**. However, in subsequent communications with the FBI in around September of 2018, SAE was told that the FBI made an error when it stated that those pages had already been reviewed. In fact, it never began review of any responsive documents.

20. Upon learning of this and still having received no records, SAE sought the assistance of the federal FOIA Ombudsman, the Office of Government Services, to, among other things, assist with expediting the request. OGIS acknowledged that request on May 1, 2017.

21. SAE continued to independently correspond with the FBI about the request in 2017.

22. On July 20, 2018, OGIS wrote SAE informing it that it had contacted the FBI and that the Original Request was still waiting to be assigned to an analyst. A true and correct copy of this correspondence is attached as **Exhibit G**.

23. It was at this point nearing three years since the Original Request was made. The FBI still had not reviewed or produced a single responsive record, and the request had yet to have been assigned to an analyst.

**The Narrowed Request and Additional Delays**

24. In around August of 2018, SAE (through legal counsel) inquired further with the FBI FOIA Support Unit's Negotiation Team as to the status of the request.

25. Multiple correspondence and telephone conferences over the following weeks resulted in SAE significantly narrowing the Original Request.

26. On September 17, 2018 the Original Request was narrowed to "(1) all FBI Form 302 records concerning the Holy Land Foundation for Relief and Development (often referred to as Holy Land Foundation or "HLF"); and (2) all search warrant returns concerning the Holy Land Foundation, Ismail Elbarasse, Fawaz Mushtaha, Infocom, and Abdelhaleem Ashqar" (the "Narrowed Request"). A true and correct copy of the correspondence narrowing the request is attached as **Exhibit H**.

27. On or about September 21, 2018, counsel for SAE conferred with the FBI and was told certain Form 302s responsive to the Narrowed Request and consisting of approximately one hundred and twenty five (125) pages would be ready for imminent production.

28. In anticipation of that production, the FBI required SAE to provide written authorization to provide those records to its counsel. Such authorization was provided on October 3, 2018. A true and correct copy of that authorization and related correspondence is attached as **Exhibit I**.

29. By letter dated October 4, 2018, the FBI acknowledged the Narrowed Request and noted it comprised five hundred and ninety three (593) pages. A true and correct copy of that letter is attached as **Exhibit J**.

30. The promised initial batch of one hundred and twenty five (125) pages of records was never produced.

31. Instead, over the course of the next 15 months, SAE was forced to continually correspond with and telephone the FBI to seek status updates. SAE contacted the FBI no less than fifteen (15) times over this period. At times such inquiries went unanswered. At other times, the FBI continued to push back the deadlines by which it promised to make disclosures. Attached at **Exhibits L** and **K**, are a series correspondence documenting those exchanges.

32. Throughout the remainder of 2018 and into 2019, SAE continued to ask for the promised Form 302s (and the status of the request more generally). See **Exhibits L** and **K**. During this time, SAE was told the FBI could no longer provide an estimate on a disclosure date. See **Exhibit K** at pp. 3-4.

33. In July of 2019, the FBI did provide an estimated disclosure date of September 2019. See **Exhibit L** at p. 9.

34. The FBI failed to produce any records in September of 2019. Instead, on September 6, 2019 it updated its disclosure date estimate to December of 2019. See **Exhibit L** at p. 7.

35. After multiple inquiries by SAE in December of 2019, the FBI again failed to produce any records during December. On December 30, 2019 the FBI again revised its estimated disclosure date, this time to February 2020. See **Exhibit L** at p. 1.

36. To date, no records responsive to the Narrowed Request have been produced.

### COUNT I
### Declaratory and Injunctive Relief:
### Violation of the federal Freedom of Information Act, 5 U.S.C. § 552,

37. SAE realleges and incorporates the allegations contained in Paragraphs 1-36 as if fully set forth herein.

38. The FOIA empowers this Court with "jurisdiction to enjoin the [FBI] from withholding agency records and to order the production of any agency records improperly held from the complainant." 5 U.S.C. § 552(a)(4)(B).

39. The Narrowed Request comprises Form 302s and search warrant returns that are "agency" records and within the FBI's custody and control.

40. The FBI has failed to issue a full response to the Narrowed Request within the applicable 20-day statutory response deadlines imposed under FOIA. See 5 U.S.C. § 552(a)(6)(a)(i).

41. The FBI has also failed to produce any responsive records to the Narrowed Request.

42. No "exceptional circumstances" exist under FOIA to extend the response deadline nor to justify the FBI's continued delay in disclosure. See 5 U.S.C. § 552(a)(6)(a)(i)-(ii).

43. SAE has exhausted all administrative remedies under FOIA with regard to the FBI's failure to produce records responsive to the Narrowed Request. See 5 U.S.C. § 552(a)(6)(a)(i)

44. The FBI's failure to meet its response deadlines means that it cannot charge SAE any duplication fees in fulfillment of the Narrowed Request. See 5 U.S.C. § 552(a)(4)(A)(viii).

45. SAE is entitled to declaratory relief finding that the FBI has violated FOIA and that it is immediately entitled to the production of records responsive to the Narrowed Request.

46. SAE is further entitled to injunctive relief, ordering the FBI to immediately conclude processing the Narrowed Request and produce those records to SAE.

47. SAE is further entitled to injunctive relief, ordering the FBI to return the $500.00 previously paid to the FBI.

## RELIEF REQUESTED

**WHEREFORE**, SAE respectfully requests that this Court:

a. declare that the FBI's delay in providing records responsive to the Narrowed Request is unlawful and in violation of FOIA;

b. enter an injunction requiring the FBI to immediately conclude processing of all records responsive to the Narrowed Request;

c. enter an injunction requiring the FBI to immediately disclose complete copies of all records responsive to the Narrowed Request;

d. enter an injunction ordering the FBI to immediately return the $500.00 SAE paid to the FBI;

e. award SAE its costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412;

    f.    expedite this action; and

    g.    grant such additional and further relief as this Court deems just and proper.

Dated: February 4, 2020

                          Respectfully submitted,

                          DAVIS WRIGHT TREMAINE LLP

                          /s/ *Ronald G. London*

                          Ronald G. London
                           D.C. Bar No. 456284
                          1919 Pennsylvania Avenue, N.W., Suite 800
                          Washington, D.C. 20006
                          Telephone: (202) 973-4235
                          Facsimile: (202) 973-4435
                          ronnielondon@dwt.com

                          - and -

                          THOMAS & LOCICERO PL

                          Mark R. Caramanica (*pro hac vice application
                           forthcoming*)
                          601 South Boulevard
                          Tampa, FL 33606
                          Telephone: (813) 984-3060
                          Facsimile: (813) 984-3070
                          mcaramanica@tlolawfirm.com
                          secondary e-mail address:
                          dlake@tlolawfirm.com

                          *Attorneys for SAE Productions, Inc.*