

5614 CONNECTICUT AVENUE, NW • SUITE 341 • WASHINGTON DC 20015-2601 • (202) 363-8602 • FAX: (202) 966-5191

September 16, 2015

Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, DC 20535-0001

RE: FREEDOM OF INMFORMATION ACT REQUEST
**Holy Land Foundation for Relief and Development**

**To Whom It May Concern**

This is a request by SAE Productions, Inc. (SAE). SAE is a production and research news organization that produces documentaries and articles on matters relating to international terrorism and which maintains an office in the District of Columbia. Its president Steven Emerson is a recognized expert on terrorism. Emerson frequently publishes articles in, among others, the *New Republic* and *Wall Street Journal* and produces television documentaries such as the 1994 production *Jihad in America*, which was broadcast on public television and focused on the United States fundraising activities of Middle Eastern terrorist groups.

**This is a request under the Freedom of Information Act for copies of all records constituting the FBI's full investigative files related to the Holy Land Foundation for Relief and Development, including but not limited to those investigate records related to the HLF criminal prosecution.**

On November 24, 2008, five officials of what was then the Holy Land Foundation for Relief and Development (HLF) and the HLF itself were convicted on all counts of the terrorism related indictment brought against them in US District Court in Dallas, Texas.[1] The HLF prosecution resulted from a multi-agency investigation led by the FBI that began in 1994 stemming from the HLF and its officials and members providing support to the terrorist organization Hamas.[2] In the second trial in 2008 jurors found all the defendants guilty on all counts of helping finance terrorism related to Hamas. A fifth circuit appellate panel upheld the convictions against HLF and its senior leaders in December 2011.[3] In October 2012, the Supreme Court of the United States denied petitions for a writ of certiorari by all the defendants in the HLF case.[4] Essentially, the criminal legal process related to the HLF defendants is completed.

Many hundreds, if not thousands, of items of evidence against the HLF defendants were publicly released during the criminal trial and that evidence included testimony of prosecution witnesses that included FBI

---

[1] HLF Jury Verdict Document, http://www.investigativeproject.org/documents/case_docs/741.pdf
[2] HLF Investigation Summary; November 25, 2008; FBI Website; https://www.fbi.gov/news/stories/2008/november/hlf112508
[3] HLF Case Records; Investigative Project on Terrorism; http://www.investigativeproject.org/case/65/us-v-holy-land-foundation
[4] Supreme Court of the United States Docket; http://www.supremecourt.gov/search.aspx?filename=/docketfiles/11-10437.htm

Special Agents. Additionally, a number of Freedom of Information Act (FOIA) requests previously submitted and responded to with document issuance provided U.S. government records related to the HLF and related persons of interest. Among those FOIA requests was one submitted by this requestor to the Department of Homeland Security Immigration and Customs Enforcement (DHS/ICE) and Department of Justice Office of Executive Office of Immigration Review (DOJ/EOIR) related to prosecution evidence submitted in the Dallas removal proceedings against Nabil Sadoun (Sadoun), a Palestinian alien ordered removed from the United States several years ago. Among the documents obtained under that FOIA request were various FBI documents that had been submitted into immigration court evidence against Sadoun and contained within that evidence were matters connected to HLF, as Sadoun had links to persons connected to HLF and Hamas.

**For these reasons, there is ample reason to conclude there is an overriding public interest in the full release of the FBI's investigative files related to the HLF that override any privacy concerns. The privacy concerns themselves are arguably diminished by virtue of the fact that the criminal proceedings are a matter of public record. That aside, significant responsive records may ultimately, of course, still be subject to reasonable redactions to protect ongoing law enforcement and national security interests. However, the bulk of those records as they relate to the substantive investigation should be released since the outcome has already become public knowledge and record via lengthy and open court process and other FOIA releases.**

**For these same public interest reasons, we are seeking a privacy waiver or, at a minimum, a reduction of fees.**

In order to clarify the scope of the request, please include all cross-references. Please <u>DO NOT</u> limit the search to FBI-originated records. Further, the scope of the request must include records in the possession of a U.S. Government contractor for purposes of record management.

If you deny all or any part of this request, please cite each specific exemption that forms the basis of your refusal to release the information and notify me of appeal procedures available under the law. I would request that any records produced in response to this request be provided in electronic (soft-copy) form wherever possible. Acceptable formats are .pdf, .jpg, .gif, .tif.

If there are any questions about this request or other information I can provide, please call my assistant, Abha Shankar, at (202) 363-8602.

Thank you for your consideration in this matter.

Sincerely,

Steven Emerson